IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:07CR47** |
| vs. | |
| YOLANDA DEZERRA LOUIS, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the Defendant's motion to reduce sentence pursuant to the Fair Sentencing Act ("FSA") and 18 U.S.C. § 3582(c) (Filing No. 118).

The Defendant was initially sentenced on August 27, 2007. She was held responsible for 77.90 grams of cocaine base, resulting in the application of a statutory term of 10 years to life imprisonment. Base offense level 32 was applied, and because she was a career offender facing a statutory term of life imprisonment her offense level became 37 under U.S.S.G. § 4B1.1. After a reduction for acceptance of responsibility her total offense level was 34 which, together with placement in criminal history category VI, resulted in a guideline range of 262-327 months. The Defendant was sentenced to 240 months. On January 16, 2009, the government's motion under Federal Rule of Criminal Procedure 35 was granted and the Defendant's sentence was reduced to 132 months. On March 10, 2011, the Court denied the Defendant's previous motion for a reduction of her sentence based on Amendment 706, stating that a career offender was not eligible for a reduction in sentence under Amendment 706.[1]

---

[1] More specifically, because the Defendant's offense level was determined under § 4B1.1 rather than U.S.S.G. § 2D1.1, she was not eligible for a reduction. *United States v. Washington,* 618 F.3d 869, 873 (8th Cir. 2010).

The Defendant now argues that she is entitled to a reduction under the FSA and that her base offense level should be 26. The FSA is retroactive to Defendants who committed their criminal conduct before, and were sentenced after, August 3, 2010, the date of the passage of the FSA. *Dorsey v. United States,* 132 S. Ct. 2321, 2326 (2012). Therefore, the FSA does not apply to the Defendant's situation, as both her conduct and sentencing predated the passage of the FSA. The Defendant is not entitled to relief. Absent any further change in the law or sentencing guidelines, further motions for a reduction in sentence will be summarily denied.

IT IS ORDERED:

1. The Defendant's motion to reduce sentence (Filing No. 118) is denied; and

2. The Clerk is directed to e-mail a copy of this Order to the Defendant at her last known address.

Dated this 30th day of August, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge